# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVETTE PETTEAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AVENAL STATE PRISON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01496-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED<br><br>(Doc. 16)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendations on Defendant's Motion to Dismiss**

**I.     Procedural History**

　　Plaintiff Lovette Petteay ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed October 15, 2007, against Defendant Henry ("Defendant") for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment. On September 2, 2008, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), Defendant filed a motion seeking dismissal of this action for failure to exhaust. Plaintiff did not file a response to the motion.[1]  Local Rule 78-230(m).

///
///
///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on July 1, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 12.)

1

II.     **Dismissal for Failure to Exhaust**

    A.     **Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy

section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

### B.     Defendant's Motion

In his complaint, Plaintiff alleges that he filed an inmate appeal but the process was not complete because staff members consistently held his appeals beyond their due dates without notice, causing the process to be circumvented. (Doc. 1, Comp., § II.)

Defendant argues that he is entitled to dismissal because Plaintiff did not exhaust his appeal until after suit was filed. The evidence submitted by Defendant demonstrates that Plaintiff filed an appeal on December 6, 2006, complaining of the medical care issues that gave rise to his claim in this action. (Doc. 16-3, Motion, Ex. A.) The informal level was bypassed, and the appeal was partially granted at the first formal level of review and returned to Plaintiff on May 7, 2007. (Id. at p. 6.) On May 23, 2007, Plaintiff appealed to the second level, where his appeal was again partially granted and returned to him on September 14, 2007. (Id.) Plaintiff submitted his appeal to the third and final level of review, where it was received on October 2, 2007, and then filed suit on October 15, 2007. (Doc. 16-2, Grannis Dec., ¶4.) The appeal was completed at the third level of review on December 26, 2007. (Id.)

Although Plaintiff alleges in his complaint that his appeal was withheld past the statutory deadline, thereby circumventing the appeals process, the evidence shows that Plaintiff was nevertheless actively engaged in exhausting his appeal, and that he had just submitted it to the third and final level of review approximately two to three weeks before he filed suit. In light of the showing that at the time he filed suit, Plaintiff's appeal was pending at the final level of review and the deadline for a staff response had not yet expired, Defendant is entitled to dismissal of this action, without prejudice.[2]

///

///

---

[2] The third level response is due in sixty working days. Cal. Code Regs., tit. 15 § 3084.6 (b)(4) (West 2008).

3

III.     **Conclusion and Recommendation**

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss for failure to exhaust, filed September 2, 2008, be GRANTED and this action be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 15, 2008**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE